TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (480) 247-9644
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Orlando Cortinas

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Orlando Cortinas,<br><br>    Plaintiff,<br><br>   vs.<br><br>Ocwen Loan Servicing, LLC; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No.: 2:14-cv-7542<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.*;**<br>**2. VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.*;**<br>**3. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

For this Complaint, Plaintiff, Orlando Cortinas, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and repeated violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("Rosenthal Act").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. Plaintiff, Orlando Cortinas (hereafter "Plaintiff"), is an adult individual residing in Los Angeles, California, and is a "consumer" as the term is defined by U.S.C § 1692a(3) and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5. Defendant, Ocwen Loan Servicing, LLC (hereafter "Ocwen"), is a Florida business entity with an address of 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409, operating as a collection agency, and is a "debt collector"

as the term is defined by 15 U.S.C. § 1692a(6) and is a "person" as the term is defined by 47 U.S.C. § 153 (39).

6. Does 1-10 (the "Collectors") are individual collectors employed by Ocwen and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Ocwen at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. A person other than Plaintiff (the "Debtor") allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned, or transferred to Ocwen for collection, or Ocwen was employed by the Creditor to collect the Debt.

11. Ocwen attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Ocwen Engages in Harassment and Abusive Tactics

12. Beginning in or around April of 2014, Ocwen contacted Plaintiff in an attempt to collect the Debt.

13. At all times mentioned herein, Ocwen called Plaintiff's cellular telephone [818-XXX-8347] by using an automated telephone dialing system ("ATDS").

14. When Plaintiff answered calls from Ocwen, he was met with a period of silence before being connected to a live agent who requested repayment.

15. In or around March or April of 2014, Plaintiff attempted to assist the Debtor by making phone calls to Ocwen on the Debtor's behalf; however, Plaintiff never provided Ocwen with consent to contact him with ATDS calls.

16. Furthermore, during a conversation with Ocwen in or around May of 2014, Plaintiff requested that Ocwen cease all calls to his cellular telephone.

17. Despite the Plaintiff's unequivocal request, Ocwen continued to place ATDS calls to Plaintiff's cellular telephone at an excessive and harassing rate.

18. Ocwen placed dozens of ATDS calls to Plaintiff's cellular telephone after Plaintiff requested that all calls stop.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *ET SEQ.*

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Defendant's conduct violated 15 U.S.C. § 1692b(3) in that Defendant contacted Plaintiff on multiple occasions without being requested to do so and over Plaintiff's objection.

21. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

22. Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

23. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

24. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25. Plaintiff is entitled to damages as a result of Defendant's violations.

### COUNT II
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *ET SEQ.*

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.     Without prior express consent, Defendant contacted Plaintiff by means of automated telephone calls at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

28.     If at one time Defendant had obtained prior express consent to contact Plaintiff with ATDS calls, it no longer had such consent after Plaintiff requested that all calls to his cellular telephone cease.

29.     Defendant placed ATDS calls to Plaintiff's cellular telephone, knowing that it lacked consent to call his number.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA and is subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

30.     The telephone number called by Ocwen was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

31.     The calls from Ocwen to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

32.     Upon information and belief, Ocwen's telephone system has the capacity to store numbers in a random and sequential manner, and Ocwen used that system to place the calls at issue.

33.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 for each call pursuant to 47 U.S.C. § 227(b)(3)(B).

34. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT III
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, *ET SEQ.*

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The Rosenthal Act prohibits unfair and deceptive acts and practices in the collection of consumer debts.

37. Ocwen, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

38. Defendant caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

39. Defendant communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

40. Defendant failed to comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.13(e).

41. Defendant did not comply with the provisions of Title 15, § 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

42. Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendant as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

D. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

E. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

F. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

G. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

H. Punitive damages; and

I. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: September 29, 2014 TRINETTE G. KENT

By: *__/s/ Trinette G. Kent__*
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Orlando Cortinas